UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ADAM BREDEN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-79-JD-JPK |
| JEFF A. SIEGAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Adam Breden, a prisoner without a lawyer, filed a motion in this closed case asking the court to "keep this case going [as] I'm prepared to litigate it." ECF 13. The case was dismissed on October 31, 2023, because Breden was ordered to update his complaint by clarifying the location of each defendant, but he did not do so by the deadline. *See* ECF 4 & ECF 6. The dismissal order and judgment were returned to the court as undeliverable on November 15, 2023, with a notation that he had been released from the custody of the St. Joseph County Jail several months beforehand on August 25, 2023. ECF 8. On November 14, 2024—almost exactly one year after that mail was returned to the court as undeliverable—Breden sent the clerk a letter from the Putnamville Correctional Facility stating he was released "in the beging (sic) of 2023" and had "put in a change of address with the post office" but never heard anything back about his lawsuit. ECF 9 at 1. He asked the clerk to send him a docket sheet. *Id*. The clerk did so along with a copy of the

dismissal order. ECF 10. On December 20, 2024,[1] Breden filed the instant motion claiming he had not received the court's deficiency order until "after the deadline date had well passed." ECF 13 at 1. He claims, "As soon as this document (4) caught up to me I motioned the court the information requested." *Id*. He attached a page containing the defendants' locations as an exhibit. ECF 13-1.

Because Breden is a prisoner without a lawyer—and the motion was filed more than 28 days after the entry of judgment—the court will construe it as one brought pursuant to Federal Rule of Civil Procedure 60(b). *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). Rule 60 authorizes a court to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The last section is known as the "catchall provision" under which the Supreme Court has "consistently held that only 'extraordinary circumstances' can justify relief." *BLOM Bank SAL v. Honickman*, 605 U.S. ----, --- S. Ct. ----, No. 23-1259, 2025 WL 1583305, at *2 (U.S. June 5, 2025).

---

[1] Breden originally sent the court an unsigned motion to reopen dated November 26, 2024, in which he claimed he was "transferred around after filing and once released." ECF 11 at 1. He admits he only filed a change of address with the post office but states, "I know now I was supposed to file with the court." *Id*. The court struck the motion with leave to refile pursuant to Federal Rule of Civil Procedure 11(a). ECF 12. Breden's refiled motion, which was received by the court on December 20, 2024, is dated December 17, 2024. ECF 13. Importantly, both of Breden's motions—including the first unsigned one—were dated more than a year after this case was dismissed on October 31, 2023. *See* ECF 6.

2

As far as timing goes, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "[I]f the asserted ground for relief falls within one of the enumerated grounds for relief subject to the one-year time limit of Rule 60(b), relief under the residual provision of Rule 60(b)(6) is not available." *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). "To permit relief under the catchall provision in such situations would render the one-year time limitation meaningless." *Id.* "Accordingly, [courts] have held that the first three clauses of Rule 60(b) and the catchall clause are mutually exclusive." *Id.* (internal quotation marks and original brackets omitted). "Were it otherwise, the catchall provision could swallow the preceding paragraphs and be used to circumvent their time bars." *BLOM Bank SAL*, 605 U.S. at ----, ---- S. Ct. at ----, No. 23-1259, 2025 WL 1583305, at *4 (internal quotation marks and brackets omitted). "A court must not extend the time to act under . . . Rule 60(b)." Fed. R. Civ. P. 6(b)(2).

Here, Breden's motion doesn't provide a valid basis for reopening this case pursuant to Rule 60(b). His sole argument—that he didn't receive the court's deficiency order until well after the deadline had passed and the case had been dismissed—falls within the scope of either mistake or excusable neglect under Rule 60(b)(1), but Breden's motion was filed after the one-year deadline expired. *See Arrieta*, 461 F.3d at 865. "This time limit is jurisdictional and cannot be extended." *Id*. at 864.

To the extent Breden is arguing his motion should be analyzed under the catchall provision of Rule 60(b)(6)—which doesn't have a fixed timeframe and permits

3

reopening for "any other reason that justifies relief"—that argument is not persuasive for two reasons. First, as noted above, the rule applying to the catchall provision versus those applying to mistake, excusable neglect and/or misconduct are "mutually exclusive." *Arrieta*, 461 F.3d at 865. Second, a motion under Rule 60(b)(6) must still be made within a "reasonable time," and it "requires a showing of extraordinary circumstances justifying the reopening of a final judgment." *Id.* (internal quotation marks omitted). Breden's motion has not satisfied either component.

Although it's clear he did not originally receive the court's deficiency order dated October 3, 2023 (ECF 4), or the dismissal order and judgement dated October 31, 2023 (ECF 6 & ECF 7), because he had been released from the St. Joseph County Jail several months prior to that, it was Breden's responsibility to notify the court of any change of address. He declared under penalty of perjury that he would do so "promptly." *See* ECF 1 at 4. The fact that he did not reach out to the court until over a year later, does not show he was diligent in pursuing his claims. Moreover, his letter indicated he "put in a change of address with the post office" (ECF 9 at 1), but he needed to do so with the *court* in order to receive updates about his case. "Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances" that would justify relief, even when a litigator is proceeding without counsel. *See e.g.*, *Arrieta*, 461 F.3d at 867. To warrant the extraordinary relief contemplated by Rule 60(b)(6), the circumstances must show that the moving party is "faultless in the delay." *BLOM Bank SAL*, 605 U.S. at ----, ---- S. Ct. at ----, No. 23-1259, 2025 WL 1583305, at *7

(quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993)). This is not such a case.

For these reasons, the motion to reopen (ECF 13), which has been construed as a motion brought pursuant to Federal Rule of Civil Procedure 60(b), is DENIED.

SO ORDERED on June 9, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

5